IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

Civil Action No. 12-CV- 190-5Pon-GRS

SONJA MULLERIN,

      Plaintiff,

v.

JOHN HAYTER and JUDITH YESHA BRILL, individuals; DAVID KREIDER and DENISE FERRERO, judges of the Alachua County court, in their individual capacity; and DEBBIE SPIVEY, an individual,

      Defendants.

---

## COMPLAINT

---

### INTRODUCTION

This complaint seeks relief from a joint venture conducted by the Defendants to defraud the Plaintiff by means of sham judicial proceedings.

### JURISDICTION

1. This action seeks treble damages for violations of "Civil RICO," the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961-68, *especially* Sec. 1964(c); and damages and injunctive relief for violations of due process pursuant to 42 U.S.C. Sec. 1983. It further seeks costs, attorney fees pursuant to statute (42 U.S.C. Sec. 1988 and 18 U.S.C. Sec. 1964(c)) or rule, and pre- and post-judgment interest.



2.  Jurisdiction is conferred on this court by 28 U.S.C. §1331; 28 U.S.C. §1367; Rule 65, F.R.C.P.; 28 U.S.C.§1343; 18 U.S.C. Sec. 1964; 42 U.S.C. Sec. 1983; and 42 U.S.C. Sec. 1988.

## PARTIES

3. Plaintiff Sonja Mullerin (in the first person henceforth) is a resident, citizen, and taxpayer of the State of Florida and the United States. I was previously an attorney licensed in Colorado but am not licensed in Florida. Since June 2011 I have been a graduate student at the University of Florida. My address is P.O. Box 358378, Gainesville, FL 32635, and email is sonja1917@hotmail.com.

4. Defendant John Hayter is an attorney whose address is 704 NE 1st St., Gainesville, FL 32601, tel: (352) 374-8566; email: john@johnhayter.com. He represents Defendant Brill.

5. Defendant Judith Yesha Brill resides at 911 NW 37th Drive, Gainesville, FL 32605.

6. Defendants David Kreider and Denise Ferrero are judges of the Alachua County Court, and Debbie Spivey is Judge Kreider's judicial assistant. The address of the court is: 201 E. University Avenue, Gainesville, FL 32601.

## GENERAL ALLEGATIONS

7. In March 2012, I brought a Small Claims Court suit against Brill, case 01-2012-SC-1152, from whom I rented the house located at 811 NW 37th Drive, Gainesville, FL, because she interfered with my ability to have a roommate to share expenses, in violation of the lease. She called this person up and demanded a $500 payment from him and her own month-to-month lease, and he backed out of our agreement.

2

8. I was represented by the attorneys at UF Student Legal Services. Hayter emailed to the SLS attorneys what Brill maintained was our lease, after both he and she had seen mine. Their version was not the lease I entered into, but had my signature page attached.

9. Hayter wished to take four depositions. Although I had been told the SLS representation was free, the attorneys informed me they would begin charging $50/hr., due to the time these depositions would take.

10. The Small Claims Court rules do not permit discovery when a party is unrepresented. Thus, I authorized the SLS attorneys to withdraw, and took over my own representation, to keep costs down.

11. On May 9, 2012, the judge, David Kreider, in a telephone hearing ruled that the Small Claims Court rules did not apply (because I "used to be represented" when the case was filed) and I must still submit to discovery. Because of this ruling, I voluntarily dismissed my case.

12. Hayter conferred *ex parte* with Judge Kreider's judicial assistant, Debbie Spivey, prior to the May 9 conference. He revealed irrelevant personal information he had dug up about me, which Spivey conveyed to Judge Kreider. Kreider denied my motion for relief from discovery, and ordered that the Small Claims Court rules did not apply, because of this prejudicial communication.

13. Kreider lacked jurisdiction to decide that the Small Claims Court rules did not apply. The case was filed in Small Claims Court and those rules prescribed his jurisdiction.

14. Hayter, putatively on behalf of Brill, filed a motion for attorney fees against me, based on my dismissing the case.

15. I moved to dismiss the fee claim, because statute (Fl. Stat. §83.48) provides for fees only upon a "judgment or decree," not voluntary dismissal. The court thus has no jurisdiction to award fees. Judge Kreider did not rule on my motion.

16. Hayter or persons in his office had additional *ex parte* communications with Judge Kreider respecting the fee hearing, in which I was disparaged. Judge Kreider initiated at least one of these communications himself.

17. At some point in July 2012, with no order or any reason shown of record, Judge Ferrero took over the case, which now is only the fee claim. Judge Ferrero is subordinate to Judge Kreider.

18. Judge Ferrero also will not rule on my motion to dismiss the fee claim. She continues to hold proceedings, although she has no jurisdiction to award fees.

19. At this point, the fee claim well exceeds the amount I sought to recover in the case in chief; has gone on twice as long; and increases with every minute Hayter or his associates spend on the case, at a minimum rate of $250/hr. The claim is not supported by any bills, affidavit, or contract.

20. We had a conference before Judge Ferrero on August 8, 2012. Before it, Hayter sent an email to her clerk, Raina Feagle, containing the same type of irrelevant and negative personal information he had conveyed about me to Debbie Spivey, to prejudice the court.

21. My request for a hearing into the *ex parte* communications which have taken place in this case was denied. My motion to continue so I could complete discovery was also denied. Hayter's motions are always granted, in contrast, often before I have had an opportunity to respond.

22. We are set for hearing on the fee claim on August 21, 2012.

4

*Case 2012-CC-2725.*

23. My lease expired June 30, 2012. Although I had rented the house in April 2011 with the expectation of staying four years, I had to move after one year, because of ongoing harassment and lease violations by Brill.

24. I was out completely on July 5, 2012, having given notice to Brill on June 29 that I needed to hold over five days, as provided for by the lease at the rate of $40/day. I fully cleaned the house when I moved out, although the lease provided that the house needed to be delivered only in "broom clean" condition.

25. On July 3, 2012, while I was moving, the sheriff served me with a summons and complaint for "eviction and nonpayment of rent," case no. 2012-CC-2725. The complaint also claims damages, which are not described. Hayter drafted this complaint on behalf of Brill.

26. I was out well before any eviction hearing could be held; had fully and timely paid all rents throughout the lease; and Brill had $1,250 of my money on deposit when I was served with this.

27. The day after I moved out Hayter emailed me my new home address, to let me know he had found out where I now live. (I had provided him and Brill a P.O. box as my new address.)

28. I moved to dismiss this case, not only because eviction is moot and there was no "nonpayment of rent," but no damages are described. My motion has again not been ruled on.

29. On August 6, 2012, I received, by certified mail from both Brill and Hayter, a letter signed by Brill containing a list of "damages" not only for which my $1,250 deposit has been retained, but fraudulently demanding an additional $2,747, as set forth below, in paragraphs 36-41.

5

30. I have suffered severe injury to my business and property, as well as mental distress and health effects, from the foregoing acts by Defendants. I have missed significant amounts of work having to defend against these fraudulent judicial proceedings. The stress has distracted me to such a degree I am considering withdrawing from my program at UF, although this was a career switch I implemented at considerable sacrifice, moving cross-country at my own expense to take it up.

## FIRST CLAIM FOR RELIEF

(Against Brill and Hayter for treble damages and fees for violations of the
Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1962(c).)

31. The preceding allegations are incorporated by reference.

32. The enterprise engaged in, and receiving proceeds from, a pattern of racketeering activity is the law firm known as John F. Hayter, Attorney at Law, P.A. The enterprise affects interstate commerce.

33. The purpose of the enterprise is the use of the courts for "asset stripping": to obtain fraudulent court orders requiring money or property to be transferred from the true owners--persons targeted by Hayter--to Hayter and Hayter's clients, such as Brill.

34. Hayter has conducted and participated directly in the conduct of the enterprise's affairs through a pattern of racketeering activity and collection of unlawful debts. Brill is associated in fact with Hayter in these activities as set forth herein.

*Mail fraud by both Hayter and Brill.*

35. The complaint served on me, referenced in paragraph (25), was also sent to me through the U.S. mail, and contains the false claims already discussed.

36. The letter referred to in par. (29) was signed by Brill and sent separately by certified U.S. mail by both Brill and Hayter on August 4, 2012. Because the lease provides that my security deposit would be returned "within two to four weeks" of moving out, this letter was required to be received by me on August 2, 2012, for any moneys to be withheld. Thus, no moneys could lawfully be withheld.

37. I got no refund. Instead, the letter contains various fraudulent claims, apparently to support the eviction suit, totaling $3,996.74. It claims holdover rent at $480, which is at $80 day for six days, when the lease provides for holdover rent at $40/day and I held over five days.

38. The letter referred to in par. (29) further contains claims for "cleaning, repairs, trash removal, yard maintenance, cat urine odor/damage remediation and repair," in a lump sum of $2,366.00. There are no itemized bills attached. All such charges are fraudulent.

39. There was no odor of "cat urine" or damage when I moved out, and no "remediation" was either necessary or was done. Moreover, the tenants before me left on May 31, 2011, and no professional cleaning, yard maintenance, painting, repairs, or trash removal was done before I moved in on June 1, 2011. The house was dirty, several appliances or systems did not work, and numerous junk items were left on the property. I delivered both house and yard on July 5, 2012, in cleaner condition than they were in when I moved in.

40. The letter referred to in par. (29) contains a claim for "lawnmower replacement" for $169.00, referring to a nonworking lawnmower which Brill deposited on my property without my consent, and was stolen.

41. The letter referred to in par. (29) demands "court costs in eviction–$235.00; attorney fees in eviction–$250.00; copying expense in eviction–$27.00," none of which were necessitated by me–and there is no judgment for such costs or fees.

42. These letters were sent in furtherance of a scheme to obtain money from me under false pretenses, through use of the Alachua County Court. The United States mail was used for the purpose of executing, or attempting to execute, the scheme, in violation of 18 U.S.C. Sec. 1341 (mail fraud).

43. I have been caused financial harm in the amount of $1,250 plus interest from April 21, 2011, for my security deposit, and face additional harm in the amount of $2,747.00 in fraudulent items now claimed against me in the eviction suit. I will also be charged my own costs as well as, likely, Brill's attorney fees at $250/hr, to defend against this suit.

44. Hayter planned and directed the fraudulent scheme implemented by Brill described above.

*Wire fraud by Hayter and Brill.*

45. The lease Hayter provided to the SLS attorneys, referred to in par. 8, was a forgery committed by Brill pursuant to a plan devised by Hayter. Hayter transmitted this document electronically, in violation of 18 U.S.C. Sec. 1343, with Brill's assent and as part of their joint scheme and artifice to defraud.

*Obstruction of justice by Hayter.*

46. Hayter's communications to Spivey and Feagle, as detailed in ¶¶12, 16, and 20 were made during pending judicial proceedings, with the intent of influencing the judge.

47. At his deposition, taken August 6, 2012, when asked what he said during his communication to Spivey on May 9, 2012, which showed up on his fee claim, Hayter answered

8

evasively, saying, "I don't remember." Hayter on several other occasions answered "I don't know"

or "I don't remember" to questions he certainly knew the answer to, again evasive.  He invoked

attorney-client privilege when asked about communications which were not privileged, such as where

a third party was present, also evasive.

48.  Each of allegations 46 through 47 constitutes a separate count of obstruction of justice,

in violation of 18 U.S.C. Sec. 1503.

49.  I have been financially harmed directly by each defendant's commission of each of the

predicate crimes alleged above, and by the pattern of racketeering these acts represent.

50.  Additional predicate crimes are believed to have occurred and may be added via

amendment after discovery.

## SECOND CLAIM FOR RELIEF

(Against Defendants Hayter, Kreider, Spivey, and Ferrero for treble damages and fees,
for conspiracy to violate 18 U.S.C. § 1962(c), under 18 U.S.C. §Sec. 1962(d).)

51.  The preceding allegations are incorporated by reference.

52.  Kreider's and Spivey's *ex parte* communications with Hayter constitute a conspiracy to

obstruct justice, and to violate 18 U.S.C. §1962(c).

53.  Kreider's and Ferrero's refusal to rule on my motions to dismiss in both cases, and

continuing to hold proceedings despite their lack of jurisdiction to award fees, constitute a conspiracy

to make me liable for Hayter and Brill's fraudulent claims as set forth above, and to violate 18 U.S.C.

§1962(c).  It also constitutes official oppression.

54. Kreider and Ferrero's refusal to rule on my motions has been prompted by additional extrarecord investigations made by Kreider with persons in Colorado, who have retaliated against me for exposing judicial corruption.

55. I have been, and will be caused, severe financial injury from the acts set forth in this claim. The fee claim is over $4,300, and I have spent several hundred dollars on depositions.

## THIRD CLAIM FOR RELIEF

(Against Defendants Spivey, Kreider, and Ferrero for injunctive relief, and against those Defendants and Hayter for damages, for deprivation of due process under 42 U.S.C. § 1983.)

56. The foregoing allegations are incorporated by reference.

57. The *ex parte* communications engaged in by Hayter with Spivey, Kreider, and Ferrero constitute a violation of my substantive or procedural due process rights by Spivey, Kreider, and Ferrero.

58. The *ex parte* communications referred to above, committed by a private party acting in concert with State defendants, constitute state action, extending Sec. 1983 liability to Hayter.

59. The negative publications about me made by Hayter to Spivey, Kreider, and Feagle invaded my privacy and were made with malice. They were intended to prejudice the court, and did prejudice the court, impacting my liberty interest in my reputation.

60. The refusal of Defendants Kreider and Ferrero to rule on my motions to dismiss, and continuing to hold judicial proceedings despite the absence of jurisdiction, violates my substantive and procedural due process rights.

61. Each act of the Defendants enumerated herein has been taken under color of state law.

62. The acts enumerated herein are or were outside the scope of these Defendants' authority, and deprived me of my First Amendment right of access to the courts for redress of grievances, in violation of the due process clause of the Fourteenth and Fifth Amendments of the United States Constitution.

63. Defendants have further deprived me of my Fourteenth Amendment right to be free from governmental interference with my property and liberty interests. Those interests have been and will be irreparably damaged.

64. Defendants' acts complained of herein were taken with deliberate disregard for, and reckless indifference to, my common law and statutory and constitutional rights, and have caused me injury. I have suffered severe mental and emotional distress, financial damage, and adverse health effects by virtue of these acts.

WHEREFORE, the plaintiff prays for damages, permanent injunctive relief, costs, attorney fees, and such further relief as the court may determine is warranted under the circumstances.

**DEMAND IS MADE FOR TRIAL BY JURY.**

Dated this 20th day of August, 2012.

BY SONJA MULLERIN PRO SE:

_Sonja Mullerin_
Sonja Mullerin
P.O. Box 358378
Gainesville, FL 32635
Email: sonja1917@hotmail.com
(No phone.)

11