IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SONJA MULLERIN,

    Plaintiff,

v.                                         CASE NO. 1:12-cv-190-SPM-GRJ

JOHN HAYTER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* complaint, wherein she alleges violations of the Racketeering Influenced and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961-1968 and of her civil rights under 42 U.S.C. § 1983.  Plaintiff's claims stem from ongoing state civil proceedings involving a dispute with her landlord.  She contends that her landlord and her landlord's attorney violated RICO by using the courts to strip Plaintiff of her assets; and that the landlord's attorney, two state court judges, and a judicial assistant conspired to obstruct justice and violate Plaintiff's civil rights.  Plaintiff seeks damages, permanent injunctive relief, and attorney's fees.  (Doc. 1.)  Plaintiff has also filed a Verified Application for Temporary Restraining Order and Preliminary Injunction, seeking to enjoin an August 21, 2012 hearing in her state case and to stay any further proceedings in state cases 01-2012-SC-1152 (small claims action brought by Plaintiff against her landlord) and 2012-CC-2725 (eviction and nonpayment of rent proceedings brought by landlord against Plaintiff). (Doc. 4.)

As threshold matter, the Court appears to lack subject matter jurisdiction over the dispute.  Although Plaintiff has framed her complaint in terms of federal statutory and

constitutional violations, she is primarily asking this Court to review a state court judgment, or to interfere with ongoing state court proceedings, or both. Under these circumstances, the Court must abstain from exercising jurisdiction under the *Rooker/Feldman* doctrine and the principles espoused in *Younger v. Harris,* 401 U.S. 37 (1971) and its progeny. *District of Columbia Ct. Of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). In the interests of comity, federal courts abstain from becoming involved in the state court proceeding with few exceptions.

This Court's ability to enjoin state court proceedings is also limited by the Anti-Injunction Act, 28 U.S.C. § 2283, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." None of these narrow exceptions are present in the instant case.

However, even assuming that the Court did possess jurisdiction over this dispute, Plaintiff has failed to demonstrate entitlement to a temporary restraining order. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the adverse party only if:

> [S]pecific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has made no attempt to certify any efforts she has made to give notice to Defendants or why notice should not be required. Accordingly, her motion does not

*Case No: 1:12-cv-190-SPM-GRJ*

comply with Rule 65(b)(1)(B) and is procedurally defective on its face.  (Doc. 4.)

Furthermore, Plaintiff's has failed to show that immediate and irreparable injury will occur before Defendants can be heard.  Plaintiff claims that the immediate and irreparable injury that will result if a temporary restraining order is not entered is that a hearing will take place in Small Claims Court on the issue of whether she must pay her landlord's attorney's fees.  Plaintiff claims that any judgment against her that might issue in the case, even though it would be invalid, would be used to oppress her.  Plaintiff also states that she fears her home might be entered into and her property confiscated and destroyed in order to satisfy the judgement.  (*Id.*)  The injuries alleged by Plaintiff are speculative at best, and even if an improper judgment were to be awarded at the hearing, the injury would not be irreparable, as Plaintiff has immediate recourse to appeal the judgment in the state court system.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order (Doc. 4) be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida  this 21st day of August 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.