IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SONJA MULLERIN,

    Plaintiff,

v.                                                  CASE NO. 1:12-cv-190-SPM-GRJ

JOHN HAYTER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing *pro se* complaint alleging violations of the Racketeering Influenced and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961-1968 and of her civil rights under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 2.) Pursuant to 28 U.S.C. § 1915, the Court "*may* authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." (emphasis added.) The standard for determining whether a litigant qualifies to proceed *in forma pauperis* is whether because of his poverty the litigant is unable to pay for court fees and costs and to support and provide the necessities for himself and his dependents. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Eleventh Circuit has observed that "a trial court has wide discretion in denying an application to proceed" *in forma pauperis* and that "[t]his is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Flowers v. Turbine Support Div.*, 507 F. 2d 1242, 1244 (5th Cir. 1975).

The undersigned has carefully reviewed the Affidavit of Indigency submitted by Plaintiff and concludes that Plaintiff has not met the burden of showing that she is unable to pay the filing fees and costs associated with pursuing this action and to support and provide the necessities for herself.  Rather, Plaintiff's financial affidavit reflects that she has $13,000 in cash assets and a $30,000 annuity.  Plaintiff receives employment income of $1,448 monthly.  Plaintiff's monthly financial obligations total approximately $1,768.  Based upon her present financial situation, the undersigned concludes that Plaintiff has sufficient assets to pay the $350.00 civil case filing fee.

In light of the foregoing, it is respectfully **RECOMMENDED** that pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) should be **DENIED** and Plaintiff should be directed to file the $350.00 filing fee, failing which this case should be dismissed without further notice.

**IN CHAMBERS** at Gainesville, Florida  this 2nd day of October 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:12-cv-190-SPM-GRJ*